Robert J. Beles Bar No. 41993
Anne C. Beles Bar No. 200276
Law Offices of Beles & Beles
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*
ALEX GONZALEZ

United States District Court
Northern District of California
Oakland Courthouse

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>vs.<br><br>ALEX GONZALEZ,<br><br>*Defendant*. | No. **4:13-CR-00098-PJH**<br><br>SENTENCING REPLY MEMORANDUM<br><br>Date:       Wednesday, May 28, 2014<br>Time:       2:30 pm<br>Courtroom:  3, Hon Phyllis J. Hamilton, Judge<br><br>*Speedy Trial Act Excludable Time not applicable* |

**SENTENCING REPLY MEMORANDUM**

### 1. Introduction

All parties and the probation officer are in agreement that a substantial variance is required from the guideline sentence of 210- 262 months (assuming there is evidence to support the 5 level increase for distributing images to minors under section 2G2.2(b)(3)(C).) The question before the court is how substantial a variance is appropriate.

The probation officer determined that the section 2G2.2(b)(3)(C) five level increase should not be applied, reducing the offense level from 37 to 32. The probation officer recommends a sentence of 132 months, which is in the midpoint of the 121-151 month guideline sentencing rage for an offense level of 132.

The government recommends a sentence of 168 months, which is outside of the 121-151 month guideline sentencing range for a level 32 and corresponds to the top end of an offense level 33.

### 2. The government does not adequately support its recommended sentence of 168 months

#### a. Recommended sentences for producing child pornography are irrelevant as defendant was not so charged.

It is unclear how the government arrives at a sentence of 168 months in the initial sentencing memorandum, arguing that defendant could have been subject to a mandatory minimum of 180 months because he could have been charged with producing child pornography in violation of 18 U.S.C. § 2251(a). In the reply sentencing memorandum, the government offers an alternative guideline calculation based on non-grouping of offenses that, almost by chance, results in an offense level of 33 and a top end guideline sentence of 168 months, and the other of which involves starting with a base offense level of 32 applicable to a charge of producing child pornography and results in an offense level of 35. The government did not object to the probation report's calculation of the offense level until it's reply sentencing memorandum.

The court can discount the second alternative offense level of 35 and the government's argument that defendant could have been charged with producing child pornography, because he was not so charged. As far as the defense is aware, the government has not been charging defendants with producing child pornography under section 2251(a) in purely "sexting" type of cases, in which the only contact between the defendant and a minor is on-line and the minor sends the defendant nude images of herself.

#### b. There is insufficient evidence to support a five level increase for distribution to minors, an essential part of the government's requested sentence.

Otherwise, the government relies on a five level increase for sending R.A.'s nude images to other minors to justify its recommended sentence of 168 months. The government discusses no such evidence in its initial sentencing memorandum. In the reply sentencing memorandum, the government alleges that *defendant* had Facebook friends who were minors and alleges that defendant put the images on *his* Facebook page where defendant's Facebook friends could view them. The presentence report states that defendant "'tagged' the photos with R.A.'s name to ensure that all of *her* Facebook 'friends' would be notified of the images." (presentence report,

¶ 11, emphasis added.)  The government appears to have come up with a new theory of publication at the last minute.  But even under the government's new theory, there appears to be no independent verification that any of defendant's Facebook friends actually viewed the images or that defendant's Facebook friends were actually minors. Thus, the five level increase could not be applied.

### c. The government's "comparables" do not support its requested 168 month sentence or any sentence even close to 168 months.

In its initial sentencing memorandum, the government offered two "comparables" to bolster its recommendation, Perret - 108 months, and Hill, 180 months. The two comparables in the government's initial sentencing memorandum, however,  both cases involved face to face meetings between defendants and minor females, involved several underaged females, and were not limited to on-line relationships. Hill even involved a stipulated sentence to a 180 month mandatory minimum under a Rule 11(c) negotiated plea.

In Perret, CR-12-00390 WHA, a 43 year old man was initially charged with three counts of child exploitation in violation of 18 U.S.C. § 2251(a) (Counts 1-3) and one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), but pled guilty to a single count of transportation of child pornography in a negotiated plea.  The defendant carried on video chat relationships with four separate underaged girls by pretending to be a much younger person.  The defendant finally traveled from France to Canada to meet one 15 year old girl, presumably to have sex with her, since he ordered a package containing a dildo and condoms to be delivered to the hotel room.  Finally, the Rule 11(c) plea agreement offered the court a sentencing range of 108 - 120 months to choose between.  The defense requested, and got, 108 months; the government requested 120 months.

In Hill, CR-10-00261 JSW, the defendant pled to a single count of production of child pornography under a Rule 11(c) negotiated plea where both parties agreed to a mandatory minimum 180 month sentence.  The defendant also had a long history of substance abuse,  had personally met two young girls (ages unspecified) personally, exposed himself to both of them, and convinced one of the girls to allow him to take nude photos of her in his presence.  A search

of his room recovered a shotgun and a bag containing "duct tape, bandages, large zip ties, towels, a lint roller, plastic tarps, condoms, lubricant, disinfectant wipes, and painters' booties and coveralls", which deputies described as a "rape and abduction kit." In no way is this case even remotely comparable to the present one.

These cases are not comparable. The defendants in Perret and Hill were sexual predators who were attempting to meet with underaged girls to have sex with them. Defendant, in contrast, conducted a purely on-line relationship with R.A., used his true name, and never set up a meeting with her. And due to the plea agreements, the court, if it accepted the agreed sentences, had little discretion in Perret and none in Hill.

In its reply sentencing memorandum, the government offers five more comparables: Temple (CR08-0853 PJH) = 72 months, Hernandez-Ponce (CR-13-0128 JSW = 62 months, Mitchell (CR12-0265 JSW = 64 months, Snead (CR09-1180 JF) = 84 months, and Yang (CR 12-00651 YGR) = 92 months.

Temple, Hernandez-Ponce, and Mitchell obviously don't support the government's recommended sentence of 180 months and are much closer to defendant's requested sentence of 60 months. In addition, these were not the sentences that the government had requested in these cases. The government requested a sentence of *151* months in Temple, *97* months in Hernandez-Ponce, and *78* months in Mitchell. The defense requested sentences of 60 months in Temple, 57 months in Hernandez-Ponce, and 51 months in Mitchell.

In contrast, the higher sentences of 84 months in Snead and 92 months in Yang were both *agreed* sentences to 84 months and 92 months, respectively.

Thus, the seven comparables offered by the government show that the government was only able to justify the high sentences it wanted when it had been able to convince defense counsel to agree to such sentences (Hill, Snead, and Yang) or to a narrow range of possibilities (Perret.) In the three contested sentences where the court could exercise full sentencing discretion, Temple, Hernandez-Ponce, and Mitchell, the government was unable to justify the high sentences it wanted. The court imposed sentences much closer to those requested by the defense in Temple and Hernandez-Ponce and closer to the defense-requested sentence in

Mitchell.

Of course there were reasons explaining why the defense agreed to such high sentences in Snead and Yang. Like Perret and Hill, these were much more serious offenders than defendant. Snead admitted to having had actual sexual contact with minors. Yang communicated on the internet with two underaged females, not simply one, and agreed to the 92 month sentence to avoid a mandatory minimum sentence of 180 months for producing child pornography 18 U.S.C. section 2251(a). In contrast, Temple, Hernandez-Ponce, and Mitchell were simple child pornography possession cases.

### d. This court should discourage the government's use of unpublished and unavailable sentencing "comparables."

This court should strongly discourage the government's use of comparables. In the Yang government sentencing memorandum, the most recent of the seven and submitted on May 6, 2014, the government began using comparables, discussing Temple, Hernandez-Ponce, Mitchell, and Snead. This suggests that the government may be planning to use comparables in future sentencing memoranda if encouraged. The defense has had to review *fourteen additional* sentencing memoranda in other cases in addition to the two the government has submitted in this case, including ten such memoranda at the eleventh hour. This additional workload is burdensome and unfair, but shows that the government's discussion of its comparables is not always accurate.

There is also no way for the defense to determine whether the government's comparables are representative because the defense has no practical way of researching the unpublished criminal sentences in the Northern District. The government has all the criminal case files for the Northern District and has apparently created its own private index. Thus, the government will be able to present its own one-sided sampling of sentences in "comparable" cases.

However, only because this particular defense counsel has had other criminal cases in the Northern District, the defense is able to offer a comparable, Brown, CR10-00488 PJH. Brown pled to a single count of possession of child pornography under Rule 11(c) and received 48 months. This case is, however, very similar to the present case without the additional incidental

child pornography that defendant here possessed. The defendant, a youth in his 20s, was charged with possession and transportation of child pornography arising out of a long-distance internet relationship he had with a 14 year old girl. The defendant obtained nude images of the girl, threatened to post them on the internet unless she sent him additional nude images, and then actually posted her pictures on the internet. While the defendant in that case was not subject to a 60 month mandatory minimum, unlike here, the agreed 48 month sentence is less than a third of the sentence the government asks for and a little over a third of the sentence requested by the probation officer.

Other defense attorneys would not be able to locate the sentencing information in Brown, not only because of the difficulty in finding such information, but because the Brown sentencing memoranda were sealed. It is only because defense counsel represented the defendant in that case that the defense can offer this comparable.

Since the government has offered straight possession cases as comparables, the defense also offers the following straight possession cases:

> Growney, 11-CR-00195-CRB: Defendant was originally charged with possession of child pornography but plead to a reduced charge of destruction of evidence to avoid seizure under 18 U.S.C. section 2232(a). He received a sentence of supervised release with a home detention-electronic monitoring condition.
>
> Fulcher, 11-CR-00280-CW   Defendant pled to a single count of possession of child pornography, 51 months.
>
> Bursch, 11-CR-00644-PJH.  Following trial on a single count of possession of child pornography, defendant received a sentence of 57 months.
>
> Lacy, 08-00915-CW, Defendant pled to a single count of possession of child pornography, 57 months.

### 3. The guideline sentences for child pornography offenses are markedly overstated.

In discussing the government's various comparable sentences, the defense should point out that various courts have found the sentencing guidelines for child pornography offenses overstated and unreliable. These cases were discussed in the defense sentencing memoranda in Temple, Hernandez-Ponce, and Mitchell, and the court is no doubt already aware of the criticism of the guidelines in this area from past cases.

*Kimbrough v. United States*, 128 S. Ct. 558 (2007), which dealt with overstated guideline sentences regarding crack cocaine as opposed to powder cocaine, held that when a particular guideline "do[es] not exemplify the Commission's exercise of its characteristic institutional role," it is permissible for a sentencing court to conclude that the Guideline "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." *Kimbrough*, 128 S. Ct. at 575. Several courts have since applied *Kimbrough's* reasoning to the child pornography guidelines.

Section 2G2.2 differs from most other guidelines in that the upward modifications were not the result of empirical studies by the Sentencing Commission indicating that the increases were necessary , but largely the result of congressional directives requiring the Commission to make these upward modifications:

> "[T]hese changes [were] largely the consequence of numerous morality earmarks, slipped into larger bills over the last fifteen years, often without notice, debate, or study of any kind. Congressionally mandated changes were even enacted to prevent the Commission from implementing carefully considered modifications which would have lowered applicable offense levels."

*United States v. Hanson*, 561 F.Supp.2d 1004, 1009 (E.D. WI 2008), the Hanson court also noting that the amendments "destroyed some of the careful distinctions the Commission had drawn between true peddlers of child pornography and more simple possessors or transporters." *United States v. Hanson*, id. See also *United States v. Johnson*, 588 F. Supp. 2d 997 (S.D. IA 2008), *United States v. Shipley*, 560 F. Supp. 2d 739, 744 (S.D. IA 2008) ("These modifications do not appear to be based on any sort of empirical data, and the Court has been unable to locate any particular rationale for them beyond the general revulsion that is associated with child exploitation-related offenses."), *United States v. Stern*, 590 F. Supp. 2d 945 (N.D. OH 2008), *United States v. Baird*, 580 F. Supp. 2d 889 (D. NE 2008), *United States v. Phinney*, 599 F. Supp. 2d 1037 (E.D. WI 2009), *United States v. Jacob*, 599 F. Supp. 2d 1037 (N.D. IA 2009), *United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. IA 2009), *United States v. McElheney*, 630 F. Supp. 2d 886 (E.D. TN 2009), *United States v. Riley*, 655 F. Supp. 2d 1298 (S.D. FL 2009.)

### 4. Conclusion

Defendant pled open in this case because he was confident that this court would impose

a fair and just sentence and because he had no such faith in the government. The government's request of 168 months is grossly excessive under the facts of this case.

Dated: Oakland, California, Friday, May 23, 2014.

_____
Robert J. Beles
Attorney for *Defendant* ALEX GONZALEZ