UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALEX GONZALEZ,<br><br>　　　　　　Defendant. | Case No. 13-cr-0098-PJH-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A.  [ ] GRANTED**

  [ ]  The defendant's previously imposed sentence of imprisonment of ____ is reduced to ____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  [ ]  Time served.

  If the defendant's sentence is reduced to time served:

    [ ]  This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ]   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

[ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ] The conditions of the "special term" of supervision are as follows:

[ ]   The defendant's previously imposed conditions of supervised release are unchanged.

[ ]   The defendant's previously imposed conditions of supervised release are modified as follows:

B. [ ]  **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before         , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C. [X]  **DENIED** after complete review of the motion on the merits.

D. [X]  **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

As an initial matter, the parties dispute whether defendant has met the exhaustion requirement of section 3582.

The statute provides that a court "may not modify a term of imprisonment once it has been imposed" except upon a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 28 U.S.C. § 3582(c)(1)(A) (emphasis added).

Defendant argues that he has met the exhaustion requirement, and points to the letter sent by his sister to the warden of FCI-Fort Dix, requesting that defendant be recommended for home confinement.  Dkt. 45 at 5, 8.  The request was denied on June 20, 2020.  Dkt. 45, Ex. C.

The government argues that defendant did not properly exhaust because his sister's letter did not specifically request compassionate release.  The government cites cases in support of its argument that a request is insufficient if it does not specify a request for compassionate release, as opposed to home confinement.  Dkt. 51 at 14 (citing United States v. Holden, 452 F.Supp.3d 964, 975-78 (D. Or. 2020)).

Defendant cites no controlling authority holding that, for administrative exhaustion purposes, a request for home confinement should be treated the same as a request for compassionate release. However, in this case, the record is not entirely clear in showing that defendant's sister was seeking only home confinement, rather than release. According to the government, in her letter, defendant's sister "request[ed] inmate Gonzalez be granted parole based on concerns related to COVID-19." Dkt. 45, Ex. C.

Thus, while the record is unclear as to whether defendant properly exhausted his administrative remedies under section 3582, the court will, out of an abundance of caution, assume for purposes of this motion that the exhaustion requirement was met and will consider whether release is warranted under section 3582(c)(1)(A).

### 1. Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling reasons" warranting release. The United States Sentencing Guidelines § 1B1.13 policy statement contains examples of such circumstances, though other circuit courts have recently held that § 1B1.13 is not applicable to defendant-filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); see also United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

However, the Ninth Circuit has not issued a similar ruling that § 1B1.13 is inapplicable. In the absence of controlling authority from the Ninth Circuit, this court will not assume that § 1B1.13 is entirely "inapplicable." In light of the evolving circuit court jurisprudence, the court considers § 1B1.13 to be "helpful guidance," even if not binding. See United States v. Burrill,

445 F.Supp.3d 22, 24 n.2 (N.D. Cal. 2020) ("even courts which have found the provision to be outdated have held it continues to provide 'helpful guidance.'") (internal citation omitted).

Specifically, section 1B1.13 identifies physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant argues that his medical condition constitutes an extraordinary and compelling reason warranting release. Defendant argues that he suffers from a heart murmur and hypertension. Dkt. 45 at 11.

Defendant has not submitted any medical records reflecting a diagnosis of a heart murmur or hypertension. While defendant did submit a forensic psychologist's report prepared in connection with sentencing, that report does not mention any heart condition in its "medical history" section. See Dkt. 45, Ex. E.

Rather than citing to medical records, defendant relies on a self-report of his conditions made in connection with his presentence report. Dkt. 45, Ex. D. In that self-report, defendant stated that he had "high blood pressure, hypertension, and a heart murmur," but also that he "was not prescribed medication," that "his conditions were treated through control of his diet," and that he "does not have a regular doctor, and has not been to the doctor in several years." Id.

While hypertension does appear on the CDC[1]'s list of conditions that may increase the risk of severe illness from the virus that causes COVID-19, the court concludes that defendant's self-report of hypertension (and a heart murmur, which does not appear on the CDC's list) is not sufficient in the absence of prescribed medications or other treatment to establish "extraordinary and compelling reasons" warranting release under section 3582.  Defendant is 28 years old, and the record indicates that any medical conditions he may have are mild enough to be controlled with diet and exercise.  The record does not provide support for the argument that defendant is suffering from a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

Even though the court has concluded that defendant has not established "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i), it will still consider whether the section 3553(a) factors would warrant release if defendant had established such reasons.

---

[1] The Centers for Disease Control and Prevention.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 22, 2021).

2. **Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

[X]  The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
  [X] Mens Rea   [ ] Extreme Conduct   [X] Dismissed/Uncharged Conduct
  [X] Role in the Offense                     [X] Victim Impact
  [X] *Specific considerations:*

Defendant's conduct in this case involved not only possession and distribution of child pornography, it also involved the targeted harassment of at least one victim. Specifically, defendant convinced a minor to send him explicit images of herself, and then posted those images on Facebook with the victim's name "tagged" so that the victims' friends would be notified of the images. Dkt. 34 at 4.

Defendant also uploaded the images to a photo-sharing website hosted in Russia, along with the victim's real name, age, and phone number. Dkt. 34 at 5. According to the victim's mother, strangers attempted to contact her daughter after viewing the photos online. Id.

When questioned by the FBI, defendant stated that he posted the photographs because "he wanted people to see how she really was." Dkt. 34 at 5. Defendant also told agents that he "wanted people to contact her so that she would know her photos were online." Id.

The government stated in its sentencing memorandum that defendant could have been charged with producing child pornography in violation of 18 U.S.C. § 2251(a), which would have subjected defendant to a mandatory minimum sentence of 180 months imprisonment. Dkt. 36.

The above conduct is in addition to the thousands of other minors who were depicted in images and videos on defendant's computer. A number of those victims have submitted victim impact statements.[2] All of them oppose granting defendant's motion for compassionate release.

[]   The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
  [ ] Aberrant Behavior               [ ] Lack of Youthful Guidance
  [ ] Age                              [ ] Mental and Emotional Condition
  [ ] Charitable Service/Good Works    [ ] Military Service
  [ ] Community Ties                   [ ] Non-Violent Offender
  [ ] Diminished Capacity              [ ] Physical Condition
  [ ] Drug or Alcohol Dependence       [ ] Pre-sentence Rehabilitation
  [ ] Employment Record                [ ] Remorse/Lack of Remorse
  [ ] Family Ties and Responsibilities [ ] Other: *(Specify)*

  [ ] Issues with Criminal History: *(Specify)*

[X] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
[X] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

---

[2] The government has filed a motion to seal the victim impact statements. See Dkt. 52. The motion to seal is GRANTED.

- [ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
- [ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
- [ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*
- [ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
- [X] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*
- [X] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
- [X] ***Specific considerations***:

    The Guideline range for defendant's conduct was 210 to 262 months imprisonment. See Dkt. 34. The government sought a sentence of 168 months. Dkt. 36 at 2. The US Probation Office recommended a downward variance sentence of 132 months. Dkt. 34 at 19. The court ultimately sentenced defendant to 120 months imprisonment, a further downward variance than that recommended by Probation. See Dkt. 42.

    Defendant has served approximately 80 months of his prison term. Given that the Guideline range for defendant's offenses was 210 to 262 months, an 80-month sentence would create a significant unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. A sentence that far below the Guideline range would not reflect the seriousness of the offenses or afford adequate deterrence to criminal conduct. And as discussed above, defendant could have been charged with producing child pornography, which would have subjected him to a mandatory minimum sentence of 180 months imprisonment.

    These factors are also relevant to any analysis under U.S.S.G. § 1B1.13 and 18 U.S.C. § 3142(g).

**E.  [ ]  DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: March 3, 2021

*/s/ Phyllis J. Hamilton*
Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE